**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |  |
|---|---|---|
| CASEY ATES, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Warden WILLIAM TERRY, Parole | : | NO. 5:11-CV-403-CAR-CHW |
| Officer IRIS ARNOLD, Parole Board | : | |
| Member ROBERT KELLER, and Police | : | |
| Officer KEY McGUIRE, | : | |
| | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **CASEY ATES**, an inmate at Washington State Prison ("WSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff filed an amendment to his complaint on October 20, 2011 (Doc. 6), which this Court has considered along with his complaint.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on submissions, the Court finds that Plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  Plaintiff is nevertheless obligated to pay the full filing fee, as will be directed later in this Order and Recommendation.  The Clerk of Court is directed to send a copy of this Order to the business manager of WSP.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of

state law.  ***Hale v. Tallaposa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II.  BACKGROUND*

Plaintiff, a former Georgia state parolee, states the following in his complaint.  On July 18, 2008, Plaintiff was arrested and jailed for a technical parole violation.  While serving time for the parole violation, Plaintiff was charged with burglary.  Plaintiff's parole officer, Defendant Iris Arnold, thereafter filed a petition for the revocation of Plaintiff's parole, which revocation occurred at a  November 12, 2008 hearing.

Plaintiff complains about the following violations at this parole revocation hearing: (1) Plaintiff was effectively denied the right to call witnesses, because he was not given enough time to subpoena his witnesses; (2) Arnold and Defendant Police Officer Key McGuire gave "hearsay" testimony; and (3) Defendant Robert Keller, Georgia State Board of Pardons and Paroles ("Board") Member and Hearing Officer, "arbitrated over the hearing in a violation of his oath of office and [Plaintiff's] right to due process" and "also gave a bias judgment."

After revocation of his parole, Plaintiff filed a habeas corpus petition.  According to Plaintiff, Judge Edgar W. Ennis, Jr., issued an order vacating the revocation and directing Plaintiff's

immediate release from prison on August 11, 2010. Plaintiff alleges that, notwithstanding this order, Defendant William Terry, Warden of Central State Prison (where Plaintiff was then incarcerated), refused to release Plaintiff until August 24, 2010.

As relief, Plaintiff seeks $3,000,000 in damages.

## III.  DISCUSSION

### A.  Parole Revocation Claims

Parole Officer Iris Arnold, Board Member and Hearing Officer Robert Keller, and Police Officer Key McGuire are immune from liability to Plaintiff for their respective actions in connection with Plaintiff's parole revocation.  *See Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005) ("parole officers enjoy immunity for their testimony given during probation revocation hearings"); *Fuller v. Georgia State Bd. Of Pardons & Paroles*, 841 F.2d 1307, 1310 (11th Cir. 1988) (individual Parole Board members "are entitled to absolute quasi-judicial immunity from a suit for damages); and *Kelly v. Curtis*, 21 F.3d 1544, 1553 (11th Cir. 1994) (law enforcement officials are absolutely immune from civil damage claims for giving perjured testimony in a judicial proceeding).

Moreover, Plaintiff's claims arising out of his parole revocation would appear to be barred by the statute of limitations.  The length of the statute of limitations for filing a section 1983 claim is controlled by state law.  *Wilson v. Garcia*, 471 U.S. 261 (1985).  In Georgia, the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33.  *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).  Although state law determines the applicable statute of limitations period for claims under section 1983, federal law determines the date the claim accrues and the statute of limitations begins to run.

4

*Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).  Under section 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he is or should be aware who injured him.  *Id*. at 562; *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir.1987).  Plaintiff's parole revocation claims accrued on November 12, 2008, the date his parole was revoked at a hearing attended by Plaintiff. *Accord Lake v. State Bd. of Pardons and Paroles*, 2006 WL 870424 (N.D. Ga. Mar. 31, 2006).  Plaintiff's complaint is dated October 4, 2011.  Because Plaintiff failed to file this action within two years from November 12, 2008, his parole revocation claims are barred by the statute of limitations.

In light of the foregoing, it is hereby **RECOMMENDED** that Plaintiff's claims arising out of his parole revocation be **DISMISSED** and that Iris Arnold, Robert Keller, and Key McGuire be **DISMISSED** as Defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B.  False Imprisonment Claim

Construing the complaint liberally in favor of Plaintiff, Plaintiff appears to have alleged a colorable claim against Warden William Terry for false imprisonment during the 13 days between Plaintiff's alleged release date and his actual release.  Thus, the Court will allow the complaint to proceed against Warden William Terry.

In light of the foregoing, it is hereby **ORDERED** that service be made on above Defendant, and that he file an Answer or such other response as may be appropriate under Rule 12 of the

FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and

correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

<u>**DISCOVERY**</u>

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required

to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**</u>

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In

addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

   **SO ORDERED AND RECOMMENDED**, this 1st day of November, 2011.


                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge