IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CASEY ATES, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:11-CV-403 (CAR) |
| | : | |
| WILLIAM TERRY, | : | |
| | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendant.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Defendant William Terry's Motion to Dismiss. Doc. 24. Also before the Court are two motions to amend his Complaint (Docs. 28, 29) and a Motion for Summary Judgment (Doc. 38) filed by Plaintiff Casey Ates. Because Plaintiff has failed to exhaust his administrative remedies, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**. In view of the Court's recommendation to grant Defendant's Motion to Dismiss, it is further **RECOMMENDED** that Plaintiff's motions be **DENIED**.

FACTUAL AND PROCEDURAL HISTORY

On October 11, 2011, Plaintiff Casey Ates filed his Complaint under 42 U.S.C. § 1983 alleging that he was falsely imprisoned by Defendant Warden William Terry while incarcerated at Central State Prison in August 2010. Doc. 1. According to the Complaint, Plaintiff was arrested for violating his parole in July 2008. A parole revocation hearing was then held on November 12, 2008, and Plaintiff's parole was revoked. On May 11, 2009, Plaintiff filed a petition for a writ of habeas corpus in the Bibb County, Georgia Superior Court challenging his parole revocation. According to Plaintiff, Judge Edgar W. Ennis, Jr. granted his habeas corpus petition following an evidentiary hearing. Plaintiff states that an order granting Plaintiff's release

from prison was issued on August 11, 2010. Plaintiff contends that he was nevertheless held at Central State Prison until August 24, 2010. Plaintiff contends that he was falsely imprisoned at Central State Prison by Defendant Terry from August 11, 2010 until August 24, 2010.

## DISCUSSION

Because Plaintiff did not file a grievance regarding his failure to be released from Central State Prison, Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) mandates that an incarcerated plaintiff must exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. at 1082. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the compliant is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the

defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

This case is able to be resolved at the first stage of the Turner analysis because the evidence presented by both parties shows that Plaintiff did not file a grievance regarding his failure to be released from Central State Prison. In support of his motion, Defendant submitted the affidavit of Shante Farley, the Grievance Coordinator at Central State Prison. Farley Aff. (Doc. 24-2). Defendant also attached a copy of the Georgia Department of Corrections Standard Operating Procedure to Farley's affidavit. Exhibit B (Doc. 24-3). Farley's affidavit and the GDOC SOP show that a three-step grievance procedure that must be followed by inmates. Farley's affidavit and the GDOC SOP also detail an emergency grievance process and explain which issues must be grieved and which issues are excluded from the grievance process. Under the grievance policy, the computation of sentences is specifically included in issues that must be grieved. Exhibit B (Doc. 24-3).

Plaintiff admits that he did not file a grievance regarding his failure to be released from Central State Prison. Docs. 31, 32, 26. Plaintiff advances two reasons for his failure to file a grievance. Plaintiff first contends that this is a habeas corpus action and that the PLRA's exhaustion requirement does not extend to habeas corpus actions. As this is an action under Section 1983 and not an extension of his habeas corpus proceedings, Petitioner's first argument is without merit. Plaintiff next contends that the issue of his release is a non-grievable issue and that any grievance filed would be returned as such. This argument is also without merit. The GDOC SOP specifically states that issues regarding the computation of an inmate's sentence must be grieved. GDOC SOP IIB05-001 VI A5 (Doc. 24-3). Moreover, any condition or action that affects inmates and is in the control of the GDOC must be grieved unless specifically

excluded under the SOP. <u>Id.</u> Because a refusal to release an inmate from prison is within the control of the GDOC, Defendant's alleged refusal to release Plaintiff from Central State Prison falls within the definition of a grievable issue under the GDOC SOP. Additionally, any argument advanced by Plaintiff that filing a grievance would have been futile is without merit. <u>See</u> <u>Alexander</u>, 159 F.3d at 1326. As such, Plaintiff failed to exhaust his administrative remedies.

## CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies regarding Defendant's alleged failure to release Plaintiff from Central State Prison, it is hereby **RECOMMENDED** that Plaintiff's claim be **DISMISSED** without prejudice. In view of the above recommendation, it is further **RECOMMENDED** that Plaintiff's motions to amend his complaint and Plaintiff's Motion for Summary Judgment be **DENIED**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 29th day of June, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge